FELICE JOHN VITI, Acting United States Attorney (#7007)
JACOB J. STRAIN, Assistant United States Attorney (#12680)
SACHIKO JEPSON, Special Assistant United States Attorney (#17077)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801)524-5682

---

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS
(Kansas City Docket)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MONTRESSA CUNNINGHAM,<br>also known as "Monty Millions,"<br><br>Defendant. | Case No. 2:25-cr-20043-BP-JAM<br><br>UNITED STATES' RESPONSE TO DEFENDANT'S OBJECTIONS TO THE REPORT AND RECOMMENDATION TO DENY MR. CUNNINGHAM'S MOTION TO DISMISS<br><br>Chief District Court Judge Beth Phillips<br>Magistrate Judge Jill A. Morris |

Unsuccessful in convincing Judge Morris to recommend dismissal of a facially sufficient indictment returned by a federal grand jury, Mr. Cunningham now asks the District Court to reject the Report and Recommendation and grant this exceptionally rare and extraordinary relief. Judge Morris correctly analyzed and properly assessed all the issues presented by Mr. Cunningham's original Motion to Dismiss the Indictment (ECF 16). The District Court should adopt Judge Morris' Report and Recommendation ("R&R") (*United States v. Cunningham*, No. 2:25-CR-20043-BP-JAM, 2025 WL 2793061 (D. Kan. Sept. 30, 2025) (unpublished); ECF 29) and reject Mr. Cunningham's Objections to the R&R (ECF 30).

I.    **Defendant has waived the argument that Count 1 is facially invalid due to "no allegation that … Case Number 5:21cr40105 [] was 'pending' at the time of the alleged crime"; but even if not waived, Count 1 is facially sufficient as alleged.**

"In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived." *United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001); *see Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir.1996). In his objection to the R&R, Mr. Cunningham now argues for the first time that Count 1 of the Indictment is facially deficient under Federal Rule of Criminal Procedure Rule 12(b)(1) and must be dismissed because it does not explicitly allege that the identified judicial proceeding was "pending" at the time of the alleged obstructive conduct. This argument is procedurally improper, legally unfounded, and factually inaccurate. The District Court should, therefore, reject Mr. Cunningham's new argument.

a)    *Argument in Original Motion to Dismiss*

Mr. Cunningham did not initially raise a facial challenge to the Indictment under Rule 12(b)(1); but rather, argued under the *Chavez* exception[1] that the "government is incapable, as a matter of law, of proving its case beyond a reasonable doubt based on facts in the Indictment or the undisputed facts…" (Motion to Dismiss, ECF 16 at 3). Judge Morris identified, "Defendant's motion does not expressly argue that the Indictment is facially insufficient." (R&R, ECF 29 at 5).

Instead, in the original motion to dismiss Mr. Cunningham argued that "after April 24, 2024, there was no pending judicial proceeding before Judge Crouse as it pertained to Mr. Cunningham" because the district court had already "finalized Mr. Cunnigham's case by

---

[1] *United States v. Chavez*, 29 F.4th 1223, 1226 (10th Cir. 2022) ("courts may entertain' this type of dismissal 'in the 'limited circumstances' where '[1] the operative facts are undisputed and [2] the government fails to object to the district court's consideration of those undisputed facts,' and [3] the district court can determine from them that, '*as a matter of law*, the government is incapable of proving its case beyond a reasonable doubt.'") (alterations and emphasis in original) (quoting *United States v. Pope*, 613 F.3d 1255, 1260 (10th Cir. 2010)).

conducting the sentencing hearing and issuing its final judgment and conviction." (ECF 16 at 5). Judge Morris correctly rejected that position noting that "While the filing of a notice of appeal generally confers jurisdiction on the court of appeals, doing so only 'divests the district court of its control over those aspects of the case involved in the appeal.'" (R&R, ECF 29 at 9) (citing *United States v. Griffith*, 928 F.3d 855, 876 (10th Cir. 2019)).

b) *Argument in Reply Brief*

Later, in reply to the Government's Response to the Motion to Dismiss, Mr. Cunningham argued that the Indictment failed to identify *any* pending proceeding (Reply to Government's Response to Motion to Dismiss, ECF 21 at 4)("the Indictment makes no such specific allegation there were pending revocation proceedings (or any other pending proceedings) at the time of the alleged phone call."). The United States pointed out during oral argument that this was simply incorrect and read that portion of the Indictment that identified the pending proceeding. Judge Morris then correctly noted that Count 1 "identifies the judicial proceeding by caption and case number, the timeframe, and describes the nature of the alleged obstructive conduct." (R&R, ECF 29 at 7). Indeed, Count 1 of the Indictment alleges that in and around April 2024, Mr. Cunningham "knowingly and corruptly" sought to "influence, obstruct, and impede the due administration of justice in *U.S. v. Cunningham, et al.*, Case Number 5:21cr40105, in the U.S. District Court for the District of Kansas."

c) *Argument in Objection to the R&R should be precluded*

In the latest iteration of Mr. Cunningham's efforts to dismiss the Indictment, he now claims that Count 1 is deficient on its face under Rule 12 for not explicitly alleging that the identified judicial proceeding was "pending" at the time of the alleged obstructive conduct. Judge Morris was unable to provide any report or recommendation on this issue because it was

not previously raised. *Garfinkle* precludes consideration of this late-breaking argument at this procedural juncture.

### d) *Argument in Objection to the R&R fails on the merits*

However, even if the Court were to consider the argument, it fails on the merits. The Sixth Amendment provides defendants the right to be informed about the nature and cause of the charges against them. U.S. Const. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right ... to be informed of the nature and cause of the accusation ...."). The Tenth Circuit has recognized that the inclusion of elements in an indictment is required by the Fifth Amendment, "which ensures that the grand jury has considered and found all elements to be present." *United States v. Sweet*, 107 F.4th 944, 956 (10th Cir. 2024), cert. denied, 145 S. Ct. 1221 (2025); U.S. Const. amend. V ("No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury ...."). Rules 7 and 12 of the Federal Rules of Criminal Procedure outline the specific standards and procedural necessities of indictments.

In *United States v. Hall,* 20 F.3d 1084, 1087 (10th Cir. 1994), the Tenth Circuit explained:

> An indictment is deemed constitutionally sufficient if it (1) contains the essential elements of the offense intended to be charged, (2) sufficiently apprises the accused of what he must be prepared to defend against, and (3) enables the accused to plead an acquittal or conviction under the indictment as a bar to any subsequent prosecution for the same offense. *See also Russell v. United States,* 369 U.S. 749, 763–64 (1962); *United States v. Walker,* 947 F.2d 1439, 1441 (10th Cir.1991).

The Supreme Court has explained "It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to

4

constitute the offence intended to be punished." *Hamling v. United States*, 418 U.S. 87, 117–18 (1974) (quoting *United States v. Carll*, 105 U.S. 611, 612 (1881)).

The Tenth Circuit further clarified that when the sufficiency of the indictment is at issue, "the entire document may be considered." *United States v. Edmonson*, 962 F.2d 1535, 1542 (10th Cir. 1992) (reading all three counts of an indictment together, indictment stated all essential elements of the statute) (quoting *United States v. Mobile Materials*, Inc., 871 F.2d 902, 906 (10th Cir. 1989), opinion supplemented on reh'g, 881 F.2d 866 (10th Cir. 1989), and abrogated on other grounds by *Bloate v. United States*, 559 U.S. 196 (2010)). Indictments survive review as long as they are constitutionally sufficient, even if they are "not a model of clarity and do[] not precisely follow the statutory language." *United States v. Mason*, 440 F.2d 1293, 1297 (10th Cir. 1971). The Tenth Circuit has urged that review should consist of a "normal reading of the charges." *United States v. Stevens*, 612 F.2d 1226, 1230 (10th Cir. 1979). Courts are not to test "whether the indictment could have been made more definite and certain"; but rather, "[t]he sufficiency of an indictment or information is to be determined by practical rather than technical considerations." *Clay v. United States*, 326 F.2d 196, 198 (10th Cir. 1963).

Judge Morris conducted a thorough four-corners, facial review of the entire Indictment and noted specifically that Count 1 tracks the statutory language and "identifies the judicial proceeding by caption and case number, the timeframe, and describes the nature of the alleged obstructive conduct"; and thus, "provides Defendant fair notice of the charge against which he must defend and enables him to assert a double jeopardy defense." (ECF 29 at 7). Constitutional sufficiency and Rule 12 require no more.

Indeed, Count 1 of the Indictment parrots the language of 18 U.S.C. § 1503. That statute reads in part:

5

Whoever corruptly, or by threats or force, or by any threatening letter or communication, endeavors to influence, intimidate, or impede any grand or petit juror, or officer in or of any court of the United States, or officer who may be serving at any examination or other proceeding before any United States magistrate judge or other committing magistrate, in the discharge of his duty, or injures any such grand or petit juror in his person or property on account of any verdict or indictment assented to by him, or on account of his being or having been such juror, or injures any such officer, magistrate judge, or other committing magistrate in his person or property on account of the performance of his official duties, or corruptly or by threats or force, or by any threatening letter or communication, influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice, shall be punished as provided in subsection (b).

Count 1 of the Indictment reads:

In and around April 2024, in the District of Kansas and elsewhere, the defendant, MONTRESSA CUNNINGHAM, a/k/a "Monty Millions," did knowingly and corruptly (1) and by threats and communication; endeavor to influence, intimidate, and impede an officer in and of a court of the United States, and (2) injure and attempt to injure such officer in his person and property on account of the performance of his official duties, and (3) and by threats and communication; influence, obstruct, and impede and endeavor to influence, obstruct, and impede the due administration of justice in *U.S. v. Cunningham, et al.*, Case Number 5:21cr40105, in the U.S. District Court for the District of Kansas by causing defendant CUNNINGHAM's minor daughter to impersonate Person 1, a minor and an immediate family member of Judge Crouse, and make a false report of sexual and physical abuse against Judge Crouse to Kansas DCF. All in violation of 18 U.S.C. §§ 1503 and 2.

If the Court entertains Mr. Cunningham's new argument substantively, it should consider the following:

First, the grand jury was properly informed of the judicial proceeding requirement under § 1503. The grand jury was instructed that a conviction under 18 U.S.C. § 1503 "requires the government to prove the existence of a judicial proceeding." They were informed that the first element of § 1503 is "that there was a proceeding pending before a federal court" and the second

element of § 1503 is "that the defendant knew of the pending judicial proceeding." Thus, the defendant's Fifth Amendment rights were properly protected regardless of whether the word "pending" was specifically listed in the indictment. *See United States v. Sweet*, 107 F.4th 944, 956 (10th Cir. 2024), cert. denied, 145 S. Ct. 1221 (2025).

Second, the plain language in Count 1 of the Indictment alleges the Defendant sought to "influence, obstruct, and impede the due administration of justice" in a case identified by caption, case number, and timeframe. Additionally, the Indictment describes the nature of the alleged obstructive conduct. Built into the statutory text is the foundational nature of a "pending proceeding." If a proceeding is not pending, there is nothing for a defendant to "influence, obstruct, or impede." Thus, in this instance, "[t]hose words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished." *United States v. Carll*, 105 U.S. 611, 612 (1882) (analyzing a different statute).

Finally, reading the Indictment in its entirety yields an identical, practical understanding. The Indictment specifies that the obstructive conduct occurred in April 2024 and references the sentencing by Judge Crouse that had occurred a few days before. The indictment also provided notice under 18 U.S.C. § 3147(1) of an enhanced penalty for committing this offense while on release. That subsection incorporates Count 1 stating, "The allegations set forth in this Indictment are incorporated by reference and realleged as though fully set forth herein." The notice indicates that at the time of the offense, Mr. Cunningham was on release in *U.S. v. Cunningham, et al.*, Case Number 5:21cr40105 and cites to the order of release that outlined the potential effect of committing an offense while on release. Likewise, Count 2 alleges that Mr. Cunningham violated his release conditions, reiterating the common sense understanding that

such proceeding was "pending." The reading of the Indictment as a whole makes it more than sufficiently clear that the defendant was charged with obstructing an ongoing proceeding.

Defendant's contention that the Indictment is insufficient for failing to use an unnecessary "ritual of words" *United States v. Wilson*, 884 F.2d 174, 179 (5th Cir. 1989) (quoting *United States v. Purvis,* 580 F.2d 853, 857 (5th Cir. 1978)) is not unlike the defendant's argument in *Kienlen v. United States*, 379 F.2d 20 (10th Cir. 1967). There, it was claimed the indictment was insufficient because it alleged the victim bank was a "member of and insured by" the FDIC, but did not state that the bank's *deposits* were insured by the FDIC. The Tenth Circuit rejected this position wholesale and ruled the indictment valid. *Kienlen*, 379 F.2d at 23. This Court should follow the same approach here, if it reaches the merits of Mr. Cunningham's new argument.

## II.    Judge Morris correctly determined the *Chavez* exception did not apply because the government objects to consideration of facts outside the indictment.

After determining that the indictment was facially sufficient, Judge Morris noted the government's objection to the consideration of facts outside the Indictment and stated that the Motion to Dismiss should be denied without further analysis. In the alternative, Judge Morris noted that "were the *Chavez* exception found to apply, the following analysis is provided." R&R, ECF 29 at 8.

In his objection to the R&R, Mr. Cunningham again seeks to expand the *Chavez/Hall* rule beyond its extremely narrow and limited application. For the rare *Chavez/Hall* exception to be applicable, the operative facts must be undisputed AND the government must fail to object to the District Court's consideration of those undisputed facts. Here, the government has continually objected at every instance of the proceedings to consideration of facts outside the indictment. The Notice of Stipulated Facts at ECF 25 was the result of seeking to comply with the Court's

order issued during oral argument to provide such a list for convenience to the Court. Thus, the parties may stipulate to some facts, but the government objects to their consideration. Accordingly, the *Chavez/Hall* exception is inapplicable, and the Court is bound by Rule 12(b) and the four corners of the Indictment.

The United States agrees with defense counsel that at some point before trial, the District Court will need to determine whether there was a pending judicial proceeding at the time of the offense as this is a legal question (as acknowledged by the defendant (ECF 21 at 4) and *United States v. Weber*, 320 F.3d 1047, 1050 (9th Cir. 2003) ("[w]hether a judicial proceeding is pending at the relevant time is a question of law")), and the jury should then be instructed accordingly. The point the government sought to make during oral argument was that this particular setting is an insufficient vehicle for the Court to make such a determination. A motion to dismiss an indictment, operating within a strict four-corners review, does not allow the Court the same elbow room to consider all relevant facts as would, for instance, a motion in limine regarding jury instructions (or some other similar motion).

III.    **Count I: The R&R was correct in its analysis that 18 U.S.C. § 1503 can apply to conduct post-sentencing because there can continue to be a "pending judicial proceeding."**

At this point, Mr. Cunningham's objections to the R&R cover familiar territory. He continues to assert that the Tenth Circuit cases *United States v. Sorensen*, 801 F.3d 1217, 1232 (10th Cir. 2015) and *United States v. White*, 557 F.2d 233, 236 (10th Cir. 1977) somehow stand for the proposition that § 1503 is inapplicable post-sentencing because, at that point, there is no "pending judicial proceeding". Mr. Cunningham's understanding of these cases is mistaken. This was discussed at length during oral argument.

*Sorensen* and *White* do not address the issue of whether a judicial proceeding can be

considered "pending" post-sentencing. On that specific question, the Tenth Circuit is silent. The *Sorensen* Court analyzed the criminal tax violation 26 U.S.C. § 7212(a) in the context of a tax protestor seeking to avoid paying taxes despite efforts of the IRS to collect and his awareness of criminal investigation. The *White* Court considered an 18 U.S.C. § 1503 violation in the context of an assault that took place while a federal prosecution was pending for counterfeiting. Neither case considered whether a judicial proceeding continues to be "pending" post-sentencing for the purposes of § 1503 liability. Conversely, the United States has provided approximately 13 circuit court cases that hold that judicial proceedings do continue to be "pending" post-sentencing in the context of § 1503 prosecutions. (ECF 19 at 7-10). Every circuit to consider the issue agrees—a case remains pending for purposes of § 1503 during the appeal period and while post-judgment proceedings may possibly occur.

This issue was thoroughly briefed, vetted, and addressed in detail during oral argument. The District Court should adopt Judge Morris' R&R.

### IV.    Count II: Judge Morris correctly declined to follow *Blechman* as orders setting conditions of release are valid and enforceable post-sentencing.

Mr. Cunningham insists that Count 2 must be dismissed because the release order he violated was void post-sentencing. In his objection to the R&R, Mr. Cunningham redoubles his enthusiasm for the unpublished, non-controlling decision by the Honorable Sam Crow in *United States v. Blechman*, No. 10-40095-01/02-SAC, 2011 WL 2473735 (D. Kan. June 22, 2011) (ECF 30 at 6), which offered a conclusory opinion that a magistrate judge was not a "judicial officer" with authority to issue an order of release or detention following sentencing under § 3141(b). *Blechman*, 2011 WL 2473735, at *12. Mr. Cunningham urges the District Court to avoid a "legal split in the District of Kansas" or "uneven and unfair enforcement." (ECF 30 at 6). In

response, the United States takes the position that adopting *Blechman* and its reasoning would only further create a legal split and uneven and unfair enforcement.

The Supreme Court has explained, "A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." *Camreta v. Greene*, 563 U.S. 692, 709, fn. 7 (2011) (citing 18 J. Moore et al., Moore's Federal Practice § 134.02[1] [d], p. 134–26 (3d ed. 2011)).

As outlined in detail in the government's response to the motion to dismiss (ECF 19 at 11-17) Judge Crow's opinion in *Blechman* is inconsistent with the plain language of the relevant statutes. No other court had adopted it, as far as the government is aware, and several other district courts have questioned its reasoning. It is also inconsistent with the Local Rules of Practice for the District of Kansas, it conflicts with countless pretrial orders issued in the District of Kansas, and it undermines the court's ability to safely manage defendants on pretrial release. The District Court should adopt Judge Morris' R&R and reject Mr. Cunningham's effort to dismiss Count 2 on this basis.

V.    **Count II: Mr. Cunningham's objection to the consideration of the Pre-Trial Release Order demonstrates there are facts at issue, including sufficient notice, that must be determined by a jury.**

In one breath Mr. Cunningham claims that the government "attempts to create a factual dispute to preclude this Court from granting the motion to dismiss." (ECF 21 at 8). He contends that all the essential facts are undisputed; and therefore, he argues (while ignoring the other missing elements of the *Chavez* exception) the Court should consider these extra-indictment facts in granting the motion to dismiss. In another breath, Mr. Cunningham objects to Judge Morris' consideration of the factual contents of the Pretrial Release Order (ECF 30 at 9)—a document filed on Mr. Cunningham's public criminal docket, and of which the Court took judicial notice.

His attempt to elevate factual disputes into legal deficiency is improper.[2] In short, Mr. Cunningham wants to have it both ways.

This exhibition underlines what the United States has been arguing from the beginning: there are serious factual disputes that a jury must decide in this case, and the government objects to consideration of facts outside the Indictment. Therefore, the *Chavez* exception does not apply. This limits the Court to a facial sufficiency analysis of the Indictment, which the defendant did not originally pursue. On that basis alone the motion to dismiss should be denied and Judge Morris' R&R should be adopted.

Beyond this, Mr. Cunningham appears to argue that he was not provided sufficient 18 U.S.C. § 401(3) notice under *United States v. Voss*, 82 F.3d 1521, 1525 (10th Cir. 1996) because "Judge Crouse did not order continuation of the magistrate court's pre-trial release order." (ECF 30 at 11). He conflates the issue. Count 2 of the Indictment alleges that Mr. Cunningham violated "lawful orders, decrees, and commands of the Honorable Magistrate Judge Angel D. Mitchell in the District of Kansas of which he had actual knowledge, namely, the adopted January 20, 2022 Order Setting Conditions of Release, in Case Number 5:21cr40105." But Mr. Cunningham now argues that the facts surrounding this order of release (the order the indictment alleges he violated) should not be considered. Count 2 does not allege that Mr. Cunningham violated Judge Crouse's sentencing order, but he wishes the Court to consider extra-indictment facts surrounding the sentencing to advance a deficient notice theory. The Court should decline to play this shell game.

As for the degree of notice and Mr. Cunningham's knowledge of the order, these are

---

[2] Mr. Cunningham faults the United States for failing to "seek to admit [the release Order] as an exhibit to be considered in the motion to dismiss." (ECF 30 at 10). But, the United States has taken the consistent position that the Court should not consider <u>any</u> facts outside the indictment.

Case 2:25-cr-20043-BP-JAM    Document 32    Filed 10/28/25    Page 13 of 16

factual issues implicating his mental state that a jury should decide. However, it should be noted that Mr. Cunningham voluntarily signed and agreed to the Order that he later violated and that Order, by its own terms, contemplated its enforceability *at least* until "surrender for service of any sentence imposed." *U.S. v. Cunningham et al.*, Case No. 5:21-cr-40105, ECF 5 at 1. The claim that Mr. Cunningham "appeared as ordered" and therefore the Order is void is factually and legally incorrect. (ECF 30 at 10).

The District Court should adopt Judge Morris' R&R and decline to dismiss Count 2.

## VI.    Count III: Judge Morris properly analyzed controlling precedent and rejected Mr. Cunningham's evolving efforts to dismiss Count 3.

In the original Motion to Dismiss, Mr. Cunningham sought to dismiss Count 3, arguing

> But this allegation fails as a matter of law. Here, the uncontroverted facts are that the phone call was not to Judge Crouse, or even intended to reach Judge Crouse. It is also uncontroverted that Judge Crouse didn't answer the phone call. Rather, the call was to DCF. The indictment does not allege that the caller had the intent to abuse, threaten or harass the individual from DCF that answered the phone. Rather, the Indictment lists Judge Crouse as the victim of this crime, but that allegation rests on an unstated chain of events that Congress did not make criminal in 47 U.S.C. §223(a)(1)(C). (ECF 16 at 11).

Based on this briefing, the United States believed Mr. Cunningham was arguing Count 3 should be dismissed because 47 U.S.C. § 223 requires proof of direct contact with the victim. The United States pointed out in its response that previous versions of the statute did require direct contact, but it was amended to eliminate that requirement in 2013, by the Violence Against Women Reauthorization Act of 2013, PL 113-4, March 7, 2013, 127 Stat 54. (ECF 19 at 19-20).

In reply, Mr. Cunningham suggested that the United States created a "straw man" argument that Mr. Cunningham did not make and that Count 3 should be dismissed because swatting is not criminalized conduct in 47 U.S.C. § 223(a)(1)(C). (ECF 21 at 9). This final point is reiterated in his Objections to the R&R. (ECF 30 at 11-12). Additionally, Mr. Cunningham

13

also continues to insist that *United States v. Carlin Commc'ns, Inc.,* 815 F.2d 1367, 1372 (10th Cir. 1987) supports his position. It does not.

*Carlin* held that a previous version of § 223 and a different subsection dealing with obscenity did not reach conduct related to "dial-a-porn" services. Mr. Cunningham's case has nothing to do with the obscenity subsections or "dial-a-porn" services. Rather he initiated an interstate telephone call while concealing his identity with the intent to abuse, threaten, and harass Judge Crouse and his daughter. This is precisely the conduct § 223(a)(1)(C) was designed to address. Judge Morris correctly identified "that 'swatting' and a harassing phone call under § 223(a)(1)(C) are not necessarily mutually exclusive," that the proper focus is the alleged conduct as opposed to any specific label, and that the 1987 opinion in *Carlin* does not disturb this result. (ECF 29 at 12).

Here, as elsewhere, the District Court should adopt the R&R.

## VII. Count III: 47 U.S.C. § 223(a)(1)(C) is constitutional.

Though not cited in his original motion to dismiss, Mr. Cunningham points to *United States v. Popa,* 187 F.3d 672, 677–78 (D.C.Cir.1999) and *United States v. Bowker,* 372 F.3d 365, 382–83 (6th Cir. 2004), *cert. granted, judgment vacated,* 543 U.S. 1182, (2005) for the proposition that "Other circuits have acknowledged that prosecutions under § 223 have been unconstitutional or at least could be under the right circumstances." (ECF 30 at 13). These cases do not help Mr. Cunningham. As explained during oral argument, and in the response brief, the United States has been unable to find any precedent or court ruling suggesting that 47 U.S.C. § 223 is unconstitutionally vague. Indeed, various circuit courts have upheld the constitutionality of prior versions of the statute as the United States outlined in its response. (ECF 19 at 23).

*Popa* held that § 223 was unconstitutional as applied in a case where a defendant made

calls to a United States Attorney containing racial epithets and complaining about alleged assaults by police officers because it violated the defendant's free speech rights under the First Amendment. *Popa,* 187 F.3d at 677-78. There is no protected speech here. Mr. Cunningham made his daughter pretend to be Judge Crouse's daughter and falsely accuse him of sexually molesting her and physically abusing his wife. This speech was knowingly false and engaged in purely to cause harm—accordingly, it falls squarely in the unprotected speech category.

*Bowker* is inapposite to the defendant's position. The *Bowker* Court held,

> Here, the statutory language must be read in the context of Congressional intent to protect innocent individuals from fear, abuse or annoyance at the hands of persons who employ the telephone, not to communicate, but for other unjustifiable motives. *Lampley,* 573 F.2d at 787. This context suggests that the words annoy, abuse, threaten or harass should be read together to be given similar meanings. Any vagueness associated with the word "annoy" is mitigated by the fact that the meanings of "threaten" and "harass" can easily be ascertained and have generally accepted meanings.

The *Bowker* Court went on to reject the defendant's "argument as to the purported overbreadth of the telephone harassment statute." *Bowker*, 372 F.3d at 379.

Finally, it should be noted that a defendant who engages in conduct that is clearly prohibited "cannot complain of the vagueness of the law as applied to the conduct of others." *Holder v. Humanitarian Law Project*, 561 U.S. 1, 18-19 (2010) (quoting *Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 495 (1982)). As applied here, Mr. Cunningham was fully on notice that he was committing a crime. He took exceptional measures to conceal his identity and his involvement in this crime including masking his telephone number and using his minor daughter to make the call. These are all indications of consciousness of guilt.

Judge Morris' R&R correctly determined that the statute is not facially vague and the reasoning outlined therein should be adopted by the District Court.

## CONCLUSION

Judge Morris carefully considered the defendant's motion to dismiss and properly rejected it. She gave both parties the full benefit of a generous briefing schedule. She also dedicated significant time for oral argument. Her Report and Recommendation is thorough, well-reasoned, and grounded in applicable law. Defendant's objections fail to demonstrate any legal error or factual deficiency of the Report and Recommendation that would warrant dismissal of the Indictment. The United States respectfully requests that the District Court adopt the Report and Recommendation in full and deny Mr. Cunningham's requested extraordinary relief to dismiss a facially valid indictment returned by a federal grand jury.

FELICE JOHN VITI
Acting United States Attorney

*/s Jacob J. Strain*
JACOB J. STRAIN
SACHIKO JEPSON
Special Attorneys
Acting Under Authority Conferred by 28 U.S.C. § 515
Attorneys for the United States of America
111 South Main Street, Ste. 1800
Salt Lake City, Utah 84111
Telephone: (801) 524-5682
Email: Jacob.Strain@usdoj.gov
Utah Bar Number: 12680