IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:25-cr-20043-BP |
| ) | |
| MONTRESSA CUNNINGHAM, ) | |
| ) | |
| Defendant. ) | |

**ORDER (1) ADOPTING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION AND (2) DENYING DEFENDANT'S MOTION TO DISMISS**

Defendant has been charged via Indictment with: (1) obstruction of justice, in violation of 18 U.S.C. §§ 1503 and 2, (2) contempt, in violation of 18 U.S.C. § 401(3), and (3) making or causing to be made an anonymous interstate harassing telephone call, in violation of 47 U.S.C. § 223(a)(1)(C). He has filed a Motion to Dismiss the Indictment. (Doc. 16.) The Honorable Jill Morris, United States Magistrate Judge, held a hearing and thereafter issued a Report recommending that the Motion to Dismiss be denied. (Doc. 29.) Defendant has filed objections to Judge Morris' Report and Recommendation ("the Report").

The Court has conducted a de novo review as required by 28 U.S.C. § 636(b)(1). In particular, the Court has reviewed the parties' submissions before the hearing, the transcript from the hearing, and the parties' submissions after the Report was issued. Having conducted this review, the Court adopts the Report as the Order of the Court and denies the Motion to Dismiss. The Court's discussion is intended to augment, not supplant, the Report's recommended findings and conclusions.

## I.     BACKGROUND[1]

Defendant was charged with various felony offenses in the District of Kansas in 2021. He was originally released on bond, with conditions of release set by a Magistrate Judge in the Northern District of Georgia. When he was brought to Kansas, a Magistrate Judge here continued Defendant's release under the same conditions.

Defendant went to trial, and he was found guilty. The Honorable Toby Crouse, United States District Judge for the District of Kansas, sentenced Defendant to a term of imprisonment but permitted him to voluntarily surrender to the Bureau of Prisons at a later date. Defendant filed a Notice of Appeal the day after sentencing. On that same day, but after the Notice of Appeal was filed, an anonymous phone call was made to the Kansas Department for Children and Families ("DCF") alleging Judge Crouse sexually and physically abused his daughter. It is alleged that Defendant's minor daughter made the call to DCF at Defendant's urging or request. (*E.g.*, Doc. 1, ¶¶ 4, 8.) Hours later, DCF went to Judge Crouse's home to investigate the allegations.

As stated earlier, Defendant has been charged with obstruction of justice, contempt, and making or causing to be made an anonymous harassing telephone call. Defendant's Motion seeks to dismiss the Indictment primarily arguing, under *United States v. Chavez*, 29 F.4th 1223 (10th Cir. 2022), that the Government cannot, as a matter of law, prove its case. Judge Morris recommended that Defendant's Motion to Dismiss be denied.

---

[1] The facts are included to provide background to Defendant's arguments. They are not intended to 1) conclude the Government waived its right to object to consideration of facts outside the four-corners of the Indictment or 2) constitute a ruling on whether such facts are disputed or must be decided by a jury.

## II.     LEGAL ANALYSIS

### A.  Count I

Count I charges Defendant violated § 1503(a) by (1) making "threats and communication[s] . . . to influence, intimidate, and impede an officer in and of a court of the United States," (2) "injur[ing] and attempt[ing] to injure such officer in his person and property on account of the performance of his official duties," and (3) making "threats and communications [to] influence, obstruct, and impede and endeavor to influence, obstruct, and impede the due administration of justice" in his underlying criminal case. (Doc. 1, ¶ 4.)  Judge Morris properly found that the language of Count I tracks the statutory language of 18 U.S.C. § 1503 and provides Defendant fair notice of the charge against which he must defend. (Doc. 29, p. 7.)

In his Objection to the Report (Doc. 30), Defendant argues for the first time that Count I is facially deficient because it fails to include the phrase "a pending judicial proceeding".[2]  In doing so, Defendant improperly conflates elements of the statute with the Tenth Circuit Pattern Jury Instructions, and the Court rejects the argument. While Tenth Circuit Pattern Jury Instruction 2.62 (the pattern instruction applicable to § 1503) includes different language than the statute, the Indictment is not required to track the Instruction.  The Pattern Jury Instructions provide district courts guidance on how to instruct the jury on the law but do not create requirements for charging documents.  It is well settled that district courts must adequately inform the jury of the governing law, *e.g.*, *United States. v. McClatchey,* 217 F.3d 823, 834 (10th Cir. 2000) (stating the standard for reviewing jury instructions), and the Tenth Circuit has not held that Pattern Instructions have the force of law.  *See, e.g.*, *United States v. Ledford*, 2005 WL 3047956, at *14 (10th Cir. Nov. 15, 2005); *Iowa Pac. Holdings, LLC v. National R.R. Passenger Corp.*, 853 F. Supp. 2d 1094, 1099

---

[2] The Court is not ruling on whether Defendant waived the issue by failing to fully raise it in his initial Motion.

(D. Col. 2012). Thus, the Pattern Instructions do not create requirements for charging documents and Defendant's argument is rejected.

Defendant next argues his underlying criminal case does not constitute a "pending judicial proceeding" as discussed by cases interpreting the statute. Judge Morris concluded that the original criminal case constituted a pending judicial proceeding under § 1503, (Doc. 29, p. 9); the Court agrees with and adopts her analysis and rules that the original criminal case was a pending judicial proceeding for purposes of § 1503. Defendant's argument that the filing of the Notice of Appeal divested the district court of jurisdiction, and thus there was no pending proceeding at the time of the call to DCF, is incorrect. The filing of the Notice of Appeal only divests the district court of jurisdiction for issues related to the appeal, not collateral issues. (Doc. 29 p. 9.) Issues related to Defendant's terms of release are collateral to the appeal and the Court retained jurisdiction over Defendant while he was pending self-surrender to the Bureau of Prisons. Defendant's remaining arguments relate to whether Defendant's alleged conduct obstructed justice in violation of § 1503, which remains a question for the jury to decide. Thus, the Court cannot determine as a matter of law that the Government is incapable of proving Count I.

### B. Count II

Count II charges that Defendant violated 18 U.S.C. § 401(3) by disobeying the conditions of his release, which included a requirement that he not "commit any offense in violation of federal, state or local law while on release in" the underlying criminal case. (Doc. 1, ¶ 7.) In his Objection to the Report, Defendant makes numerous arguments regarding Count II, ultimately alleging that Judge Morris 1) failed to acknowledge that § 401(3) contains a notice requirement and 2) improperly construed statements of Judge Crouse at sentencing and considered evidence outside

the four-corners of the Indictment when concluding that Defendant's conditions of release did not expire at sentencing.

Again, the Court rejects Defendant's arguments and adopts Judge Morris' findings and conclusions. First, the Court adopts the Report's conclusion that the conditions of release were in place while Defendant was awaiting self-surrender. Second, "dismissal is appropriate only when and because undisputed evidence shows that the defendant could not have committed the offense for which he was indicted." *United States v. Chavez*, 29 F.4th 1223, 1226 (10th Cir. 2022). Defendant's arguments regarding notice establish that factual disputes exist, and factual disputes preclude dismissal under *Chavez*. Whether Defendant was properly apprised of the conditions of bond pending sentencing is a jury question.[3]

### C. Count III

Lastly, Defendant objects to the Report's conclusion that 47 U.S.C. § 223(a)(1)(C)—which makes it unlawful for a person to "make[ ] a telephone call . . . without disclosing his identity and with intent to abuse, threaten, or harass any specific person"—does not criminalize the alleged actions of Defendant and is unconstitutional. The Court rejects Defendant's arguments for the reasons outlined in the Report and adopts Judge Morris' reasoning in its entirety.

### III.  CONCLUSION

The Court adopts the Report and Recommendation, (Doc. 29), augmented by the discussion above. Defendant's Motion to Dismiss, (Doc. 16), is **DENIED**.

**IT IS SO ORDERED.**

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
DATE: November 21, 2025                UNITED STATES DISTRICT COURT

---

[3] The Court also adopts Judge Morris' rejection of the holding in *United States v. Blechman,* 2011 WL 2473735 (D. Kan. June 22, 2011.)